

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2007

# Hallett v. Schultz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1354

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hallett v. Schultz" (2007). *2007 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-275                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1354
_____

ANTHONY CLIFF HALLETT,
                                                    Appellant

v.

PAUL SCHULTZ, Warden

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-5763)
District Judge:  Honorable Noel L. Hillman
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2007
Before:    RENDELL, SMITH AND JORDAN, <u>Circuit Judges</u>

(Filed: July 24, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant Anthony Cliff Hallett appeals the order of the United States District

Court for the District of New Jersey dismissing his petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily affirm the

judgment of the district court.

Hallett is a federal prisoner incarcerated at the Federal Correctional Institution ("FCI") in Fairton, New Jersey. In 1993, the United States District Court for the Middle District of North Carolina sentenced Hallett to life imprisonment after he was convicted of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. In 1997, Hallett filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the sentencing court denied. The Fourth Circuit denied a certificate of appealability and dismissed the appeal.

On December 1, 2006, Hallett filed the current habeas corpus petition under 28 U.S.C. § 2241 in the District of New Jersey. He alleged three claims: that his conviction was obtained by perjured testimony, that the prosecution knew that the testimony was perjured and failed to hand over evidence of the perjury, and that his attorney was ineffective for failing to file motions for Brady and Jencks Act material. At the crux of all the claims in Hallett's petition is the assertion that, because his conviction is based upon perjured testimony, he is actually innocent. The district court found that Hallett's claims do not constitute "new evidence" and noted that Hallett raised them before in his earlier motion under § 2255. The court determined that, because the claims pose challenges to his conviction, they would properly be asserted in a § 2255 motion, and not a petition under § 2241. Furthermore, the district court acknowledged that § 2255 does

2

not provide an "inadequate or ineffective" remedy for relief under the circumstances, such that Hallett should be permitted to proceed under § 2241. See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The district court dismissed Hallett's petition.

Summary action is warranted when "no substantial question" is presented by the appeal. See 3d Cir. LAR 27.4; Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). After reviewing the record, we conclude that there is no substantial question presented and will summarily affirm.

We agree with the district court that Hallett's claims fall within the purview of § 2255. A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective." See 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 249. The "safety-valve" of § 2255 is extremely narrow, and we have held that it applies in unusual situations, such as when a prisoner has had no opportunity to challenge his conviction for a crime that is later deemed not to be a crime by an intervening change in the law. See id.; Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). That is not the situation here, although it appears that Hallett is attempting to allege that there has been an intervening change in the law. But the case Hallett relies on, House v. Bell, 126 S. Ct. 2064 (2006), dealt with the actual innocence gateway whereby a claim may be entertained by the federal court even if it is procedurally defaulted. That case does not affect Hallett's situation. House did not change the substantive law as to the elements of the

3

offense for which Hallett was convicted, nor did it amend the legal standard for actual innocence in a way that affects Hallett's case. The fact remains that Hallett did not present any new, reliable evidence of his innocence. Indeed, the evidence of perjury that he points to–a witness' testimony at a trial in Kentucky–was apparently presented with the claims that he raised in his previous § 2255 motion.

The district court thus properly determined that Hallett could not raise his claims in a § 2241 petition and that it lacked jurisdiction to consider Hallett's petition under § 2255, as it was not the sentencing court. See Dorsainvil, 119 F.3d at 249. We will summarily affirm the judgment of the district court.